UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAGRACIA SANTANA, DAISY
CABRERA, and GENESIS CABRERA,

                 Plaintiffs,

- against -

GUS GRAVAGNA, ANGEL ROMERO
MATIAS, ALAN BERNSTEIN, and DELLA
DEKAY,

                 Defendants.

**ORDER**

21 Civ. 8724 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiffs Altagracia Santana, Daisy Cabrera, and Genesis Cabrera bring claims under 42 U.S.C. §§ 1983 and 1985 alleging violations of their constitutional rights in connection with proceedings before the New York City Housing Court that culminated in their eviction from a Bronx apartment. (Cmplt. (Dkt. No. 1)) The Complaint was filed on October 25, 2021. (Id.)

      Plaintiffs asserted claims against: (1) 217 LLC, their former landlord; (2) member-owners and employees of 217 LLC, including Peter Kreatouslas, Javi Mojica, Costas Kreatouslas, Joanna Kreatouslas, Doria Kreatouslas, and Maria Gonzalez; (3) Petina Moving & Storage Inc., the moving company that transported Plaintiffs' belongings to a storage facility; (4) various member-owners and employees of Petina Moving & Storage Inc., including Peter Gravagna[1] and Justin Gravagna; (4) Hertz, Cherson & Rosenthal P.C. (the "Hertz Firm"), the

---

[1] Defendants Peter Gravagna and Peter Kreatouslas are incorrectly named in the Complaint as a single person: "Peter Gravagna a/k/a 'Peter Kreastouslas.'" They are separate individuals. (See Def. Feb. 7, 2022 Ltr. (Dkt. No. 79) at 1) The names of Defendants Peter Kreatouslas, Joanna Kreatouslas, Petina Moving & Storage Inc., CubeSmart Asset Management LLC, Javi Mojica,

law firm that represented 217 LLC during the eviction proceedings; (5) members and employees of the Hertz Firm, including Janet Goldstein, Steven Hertz, Michael Taylor, Orquieda Rivera, and Heath Tygar; (6) Della DeKay, Santana's guardian ad litem during the eviction proceedings; (7) Thomas Bia, the New York City Marshal who oversaw the eviction; (8) CubeSmart Asset Management LLC ("CubeSmart"), where Plaintiffs' property was stored after the eviction; and (9) Gus Gravagna, Angel Matias, and Alan Bernstein, each of whom is alleged to be an employee of either 217 LLC or Petina Moving & Storage Inc. (Id. ¶¶ 10-31)

On November 23, 2021, CubeSmart moved to dismiss (Dkt. No. 38), and on December 15, 2021, 217 LLC, Peter Kreatouslas, Costas Kreatouslas, Doria Kreatouslas, Joanna Kreatouslas, Maria Gonzalez, and Javi Mojica (the "217 Defendants") moved to dismiss. (Dkt. No. 50) Petina Moving & Storage Inc., Peter Gravagna, and Justin Gravagna (the "Petina Defendants") moved to dismiss on February 25, 2022. (Dkt. Nos. 86, 103) The Hertz Firm, Janet Goldstein, Steven Hertz, Michael Taylor, Orquieda Rivera, and Heath Tygar (the "Hertz Defendants") moved for summary judgment on January 20, 2022. (Dkt. Nos. 64, 81) Defendant Bia joined the Hertz Defendants' motion on February 4, 2022. (Dkt. No. 74)

On June 15, 2022, and February 1, 2022, this Court referred Defendants' motions to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R&R"). (See Dkt. Nos. 41, 72) On June 7, 2022, Judge Netburn issued an R&R recommending that the Defendants' respective motions be granted. (See R&R (Dkt. No. 108)) On February 23, 2023, this Court adopted Judge Netburn's recommendation and dismissed the Plaintiffs' claims against the moving Defendants for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Feb. 23, 2023 Order (Dkt. No. 113) at 3)

---

and Steven Hertz are likewise misspelled or otherwise incorrect in the Complaint. (See Cmplt. (Dkt. No. 1) at 1)

In adopting the R&R, this Court noted that Defendants Gus Gravagna, Angel Matias, and Alan Bernstein had "not answered or otherwise moved with respect to the Complaint," and that "Defendant DeKay has filed an answer [but had] not moved to dismiss." (Id. at 5)  The Court further noted, however, that "[i]t appears that Plaintiffs have likewise failed to state a claim as to Defendants Gus Gravagna, Angel Matias, Alan Bernstein, and Della DeKay." (Id. at 9)  Accordingly, this Court directed "Plaintiffs [to] show cause by **March 17, 2023**, why their claims against Defendants Gus Gravagna, Angel Matias, Alan Bernstein, and Della DeKay should not be dismissed.  In the event that Plaintiffs do not show cause by March 17, 2023, their claims against these remaining Defendants will be dismissed for failure to prosecute."  (Id. at 10) (emphasis in original)

On March 16, 2023, Plaintiffs requested a 45-day extension to the deadline to show cause.  (Dkt. No. 114)  On March 21, 2023, this Court granted the application and directed Plaintiffs to show cause by May 2, 2023.  (Dkt. No. 115)

The Clerk of Court mailed the Court's March 21, 2023 Order to Plaintiffs, but the mail was returned to sender.  (See Dkt. Sheet at Mar. 22, 2023; Mar. 30, 2023; Apr. 10, 2023)  Since their March 16, 2023, letter, Plaintiffs have not responded to the Court's directive and have taken no action with respect to this case.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order. . . ."  Fed. R. Civ. P. 41(b).  "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte."  Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing

3

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff[s], and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiffs have not complied with the Court's order directing them to show cause why their claims against Defendants Gus Gravagna, Angel Matias, Alan Bernstein, and Della DeKay should not be dismissed. Moreover, Plaintiffs have taken no action with respect to this case in more than nine months. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (alteration in original) (quoting Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal."); Peters-Turnbull v. Bd. of Educ. of City of N.Y., No. 96 Civ. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding that delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

4

Under the second factor, "[t]he question . . . is whether [Plaintiffs] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's February 23, 2023 Order and March 21, 2023 Order expressly warn that Plaintiffs' claims will be dismissed for failure to prosecute if they do not respond to the Court's show cause order. (Feb. 23, 2023 Order (Dkt. No. 113) at 3; Mar. 21, 2023 Order (Dkt. No. 115) at 2)

The next factor – whether defendants are "likely to be prejudiced by further delay"– is neutral. While a "[d]efendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit," Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000), here Defendants Gus Gravagna, Angel Matias, Alan Bernstein, and Della DeKay did not join their co-defendants in moving for dismissal.

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182). This factor weighs in favor of dismissal. Plaintiffs' last action in this litigation took place more than nine months ago. There is no indication that Plaintiffs will take any action in this case in the future.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiffs have not complied with this Court's show cause orders. (See Feb. 23, 2023 Order (Dkt. No. 113) at 3; Mar. 21, 2023 Order (Dkt. No. 115) at 2) "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 Civ. 2390

5

(LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); <u>Smith v. Human Res. Admin.</u>, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' remaining claims against Defendants Gus Gravagna, Angel Matias, Alan Bernstein, and Della DeKay are dismissed for failure to prosecute.  The Clerk of Court is directed to close this case.

Dated: New York, New York
        December 27, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge